Iqra Iqbal (SBN: 353064)
POLSINELLI LLP
iiqbal@polsinelli.com
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 248-2100

Michael Pegues (*PHV application forthcoming*)
POLSINELLI PC
mpegues@polsinelli.com
4020 Maple Avenue, Suite 300
Dallas, TX 75219
Telephone: (214) 397 0030

*Attorneys for Adam P. Daniels*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POWER2B, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:26-mc-116<br><br>(EDTX Case No. 2:21-cv-00348-JRG-RSP)<br><br>**NOTICE OF MOTION TO QUASH AND JOINT STIPULATION UNDER LOCAL RULE 37-2**<br><br>Judge: To Be Set<br><br>Hearing Date and Time: To Be Set<br><br>Discovery Cutoff Date: November 16, 2026<br><br>Pretrial Conference Date: March 4, 2027<br><br>Trial Date: TBD |

**NOTICE OF MOTION TO QUASH DEPOSITION OF ADAM P. DANIELS**

Pursuant to Federal Rule of Civil Procedure 45 Adam P. Daniels, through his attorneys, Polsinelli LLP, respectfully moves to quash Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s ("Defendants" or "Samsung") third-party subpoena for a deposition of Mr. Daniels, noticed by Defendants on September 22, 2026, and for other and further relief as the Court deems just and proper. Plaintiff Power2B, Inc. ("Power2B") joins this motion. This motion is based on this Notice of Motion, the accompanying Rule 37 Joint Stipulation and attachments, and upon other such argument, evidence, and documents as may be presented to the Court in connection with this motion.

Pursuant to Civil Local Rule 37 of the Central District of California, the parties have met and conferred, but were unable to resolve their dispute and therefore seek the Court's assistance.

In accordance with L.R. 37-2.1, a copy of the Order establishing the case schedule is attached as Exhibit H to the Joint Stipulation.

Date: October 23, 2026

Respectfully submitted

POLSINELLI LLP

By: _/s/ Iqra Iqbal_
Iqra Iqbal
*Attorney for Adam P. Daniels*

## TABLE OF CONTENTS


I. Introduction ..... 2

A. Plaintiff's Introduction ..... 2

B. Defendants' Introduction ..... 4

II. ARGUMENT ..... 6

A. Rule 45 Movant ..... 6

1. Plaintiff's Position: Mr. Daniels May Seek Rule 45 Relief, and Power2B May Protect Its Privilege and Work Product ..... 6

2. Defendants' Position: Mr. Daniels's Rule 45 Burden Objections Must Be His Own ..... 7

B. Deposing Current Litigation Counsel ..... 7

1. Plaintiff Position: Samsung Has Not Justified the Extraordinary Step of Deposing Power2B's Current Litigation Counsel ..... 7

2. Defendants' Position: Patent Prosecution Counsel Is Not Insulated Because He Is Trial Counsel ..... 8

C. Privileged Information ..... 12

1. Plaintiff's Position: The Deposition Seeks Privileged Information, and Should Therefore be Quashed ..... 12

2. Defendants' Position: The Core Subject of the Deposition Is Not Privileged ..... 13

D. Undue Burden ..... 15

1. Plaintiff's Position: Samsung Seeks Irrelevant Information Which Results in Undue Burden on Mr. Daniels ..... 15

2. Defendants' Position: The Testimony Is Relevant and the Burden Is Minimal ..... 16

E. The September 18, 2026 PTAB Decision ..... 18

1. Plaintiff's Position: The September 18, 2026 PTAB Decision Further Undermines Samsung's Claimed Need for the Deposition ..... 18

2. Defendants' Position: The PTAB's Decision Leaves the Central Facts Disputed ..... 18

F. Staying or Limiting the Deposition ..... 20

1. Plaintiff's Position: At Minimum, the Deposition Should Be Stayed or Strictly Limited ..... 20

2. Defendants' Position: There Should Be No Stay ..... 20

III. Conclusion ..... 21

# I. INTRODUCTION

## A. Plaintiff's Introduction

This motion and joint stipulation concern Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s (collectively, "Samsung"), subpoena for a deposition of Adam Daniels, Power2B, Inc.'s ("Power2B") litigation counsel in the Eastern District of Texas. A copy of the order establishing the case schedule from the underlying court is attached as Ex. H, per Civil Local Rule 37-2.1. On July 17, 2026, Defendants filed a Motion for Leave to Supplement Alternative Defenses, including a defense of inequitable conduct based on the alleged statements made by Plaintiff's attorney, Mr. Daniels, to the USPTO. *See generally* Exs. A, B (ECF No. 92, Samsung's Opposed Motion for Leave to Supplement Affirmative Defenses; ECF No. 95, Samsung's Reply ISO its Opposed Motion for Leave to Supplement Affirmative Defenses). Plaintiff opposes this motion. *See generally* Exs. C, D (ECF No. 94, Power2B's Response in Opposition to Samsung's Motion for Leave to Supplement Affirmative Defenses; ECF No. 96, Power2B's Surreply in Opposition to Samsung's Motion for Leave to Supplement Affirmative Defenses).

The Eastern District of Texas has not yet ruled on this motion, and therefore Samsung currently has not pleaded an inequitable conduct defense that would necessitate a deposition. Regardless, on September 22, 2026, Samsung served a Subpoena to Testify at a Deposition and Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises without conferring with the parties as to the date and time, and set the deposition to occur on October 29, 2026. Ex. E-4, E-7 (Notice of Subpoena). Mr. Daniels served objections to Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises on October 6, 2026. Ex. F (Adam P. Daniels' Objections and Responses). Mr. Daniels and Power2B now object to the Subpoena to Testify at a Deposition, as Defendants seek privileged and protected material, and the subpoena subjects Mr. Daniels to undue burden by requiring testimony regarding a defense that is not at issue in the present case. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii-iv).

Mr. Daniels is the person commanded to testify and therefore is the proper Rule 45 movant as to burden, relevance, and the scope of the deposition. Power2B joins to protect its own attorney-

client privilege, work-product protection, and attorney-client relationship. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973–74 (C.D. Cal. 2010) (recognizing that a party may challenge a nonparty subpoena where it asserts a personal right or privilege in the information sought).

Samsung also had an affirmative obligation to take reasonable steps to avoid imposing undue burden or expense on Mr. Daniels or else face the possibility of sanctions. Fed. R. Civ. P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."). Yet Samsung noticed the deposition of Power2B's current litigation counsel before the Eastern District of Texas ruled on whether the proposed inequitable conduct defense may be added, even though the objective events at issue are documented in the USPTO record. A deposition regarding a defense that is not currently plead imposes an unnecessary and undue burden and expense on Power2B, necessitating the present Motion to Quash. For all the above reasons, the Court should quash Samsung's subpoena and consider other remedies it deems just and proper, including attorneys' fees incurred in objecting to the subpoena and the filing of the present motion to quash. Fed. R. Civ. P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.").

The USPTO record diminishes any asserted need for counsel testimony. On September 18, 2026, the Patent Trial and Appeal Board affirmed the rejection of claims 1–3 of the '994 Patent, held that the Examiner's prefinal Office Action determinations were immaterial to the appeal, and agreed that the findings in IPR2022-00334 did not bind the Examiner because that proceeding involved different claims with different scope. Ex parte Power2B, Inc., Appeal 2026-001903, Reexamination Control No. 90/015,037, slip op. at 3–4 (P.T.A.B. Sept. 18, 2026); *see also* Ex. G-5 to G-6 (ECF No. 104-1).

**B. Defendants' Introduction**

This motion concerns two subpoenas—one for documents, one for a deposition—served September 22, 2026, on Power2B's prosecution counsel Mr. Daniels. Ex. E. Power2B and Mr. Daniels seek to block both. *See, e.g.*, Ex. F and this motion. But the subpoenas concern a factual dispute at the center of Samsung's unclean hands and inequitable conduct defenses, and seek targeted, nonprivileged discovery from the ***only*** witness with relevant information. Mr. Daniels's current role as litigation counsel does not categorically insulate his firsthand participation in the Examiner interview, and later reliance on it, from discovery. *See In re Andre*, No. 19-MC-80266-VKD, 2019 WL 6699958, at *3-4 (N.D. Cal. Dec. 9, 2019) (rejecting presumptive insulation of current trial counsel from discovery concerning a separate transaction, narrowing the discovery, and requiring a privilege log). Alternatively, the Court should permit a limited examination under *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), cited by Power2B, because the disputed oral exchange cannot be resolved by reading the conflicting written accounts. The question here is only whether Samsung may pursue this discovery, not how the factual dispute should be resolved. Under the liberal discovery standard of the Federal Rules and for the reasons below, Mr. Daniels should be ordered to comply with both subpoenas.

Samsung's equitable defenses center on false statements about appeal status that Mr. Daniels made to the U.S. Patent and Trademark Office ("USPTO") in response to direct questions from the Patent Examiner (the "Examiner"), and on Power2B's continuing effort to profit from them. During the *ex parte* reexamination of the '994 Patent (the "'994 EPR"), Power2B's prosecution counsel, Mr. Daniels, represented to the USPTO that the separate *inter partes* review of that patent (the "'994 IPR") had been appealed. It had not. The '994 IPR Final Written Decision issued July 13, 2023; Director Review was denied October 25, 2023; and the appeal period expired December 27, 2023, with no appeal filed. Ex. A-5, A-6, A-42 to A-104.

Yet in a February 13, 2024, Examiner interview in the '994 EPR, Mr. Daniels told the Examiner the '994 IPR had been appealed and argued for patentability. The Examiner memorialized this misstatement in his April 18, 2024 interview summary, along with his reasons

for accepting Power2B's arguments. Ex. A-7, A-109. The misstatement was material: because the EPR claims are substantially similar to the '994 IPR claims found unpatentable over the same prior art, the Examiner asked specifically whether that finding had been appealed, and Mr. Daniels indicated it had. Ex. A-6, A-109. That was untrue, and Mr. Daniels—counsel of record in all prior USPTO proceedings—knew it.

The false representation worked. Relying on it, the Examiner accepted arguments that the Patent Trial and Appeal Board ("PTAB" or "Board") had already rejected and indicated agreement that the '994 EPR claims were patentable. Ex. A-6, A-7, A-109. Once he learned the truth, the Examiner reinstated the rejection, explaining that Power2B's arguments had been "based on . . . PO's representative's assurances that the IPR2022-00334 proceeding had been appealed." Ex. A-6, A-7, A-153; Ex. B-4. But the interview summary remains in the record, Ex. A-7, A-8, A-12, A-13, and Power2B has attempted to benefit from it at every opportunity. Ex. A-7, A-8, A-13, A-14; Ex. B-4, B-5, B-23, B-95.

Power2B has never formally disavowed its false representations or stopped attempting to exploit the fruits of that falsehood. Instead, it made the misled Examiner's "agreement" the centerpiece of its '994 EPR appeal, claiming "express agreement from the Examiner" and asking the Board to reinstate that agreement and issue a reexamination certificate. Ex. A-193. It pressed the same point at the June 26, 2026 oral hearing. Ex. A-7, A-8, A-13, A-14; Ex. B-4, B-5, B-23, B-95. But that alleged agreement was based on a false representation, of which Mr. Daniels had full knowledge. And, importantly for this motion, he is the ***only*** witness who can address these issues.

Mr. Daniels now denies making the statement despite the written record. The other EPR papers he cites do not resolve the dispute, and the Central Reexamination Unit ("CRU") refused Power2B's petition to remove all reference to the statement. Ex. A-7, A-8, A-11, A-12, A-13, A-113 to A-115, A-230, A-231. Only Mr. Daniels and the Examiner were present for that discussion, and Mr. Daniels is the only one Samsung can examine about it. *See W. Elec. Co. v. Piezo Tech., Inc.*, 860 F.2d 428, 431-32 (Fed. Cir. 1988) (holding that the defendant was not entitled to depose the examiner and reversing the district court's contempt order against the Commissioner of Patents

for directing the examiner not to answer). Samsung seeks this discovery not because Mr. Daniels is Power2B's litigation counsel, but because he is a percipient witness to his own statements to the Examiner. He is also the only witness who can testify to his knowledge of their falsity and why he continued to press "agreements" based on them. Those matters are not privileged: they are part of the USPTO record and of a concerted effort, as Samsung has pleaded, to gain inequitable advantage in the related litigation. Power2B also put them at issue by petitioning the USPTO on July 17, 2024, to rewrite the Examiner's summary based on its own account. Ex. A-7, A-113, A-114, A-115. Power2B cannot rely on the Examiner's "agreement" while blocking discovery from the only witness who can explain how it was obtained. *Shelton* does not shield prosecution counsel from testifying about prosecution conduct, and courts routinely allow such discovery where unclean hands and inequitable conduct are at issue.

Power2B's claimed "unnecessary and undue burden and expense on Power2B" is not cognizable. Rule 45(d)(1) and (d)(3)(A)(iv) protect the person subject to the subpoena, not a party whose counsel is subpoenaed, and Power2B concedes that Mr. Daniels "is the proper Rule 45 movant as to burden, relevance, and the scope of the deposition." Its fee request under Rule 45(d)(1) fails for the same reason.

## II. ARGUMENT

### A. Rule 45 Movant

#### 1. Plaintiff's Position: Mr. Daniels May Seek Rule 45 Relief, and Power2B May Protect Its Privilege and Work Product

Rule 45 places the motion to quash in the hands of the person commanded to comply. Mr. Daniels therefore seeks relief from the burden and scope of Samsung's deposition subpoena. Power2B separately has standing to protect its own attorney-client privilege and work product because the subpoena expressly targets communications between Power2B and its counsel and counsel's work performed for Power2B. *See Crispin*, 717 F. Supp. 2d at 973–74.

**2. Defendants' Position: Mr. Daniels's Rule 45 Burden Objections Must Be His Own**

Samsung does not dispute that Mr. Daniels may seek relief under Rule 45. Nor does it dispute that Power2B may assert its own privilege and work-product protection. *See Crispin*, 717 F. Supp. 2d at 973–74. But each movant's standing has limits: Power2B's standing does not reach burden, relevance, or the timing of the discovery. Those objections belong to Mr. Daniels alone.

Power2B's alleged privilege interest and Mr. Daniels's alleged burden, relevance, and timing objections nevertheless present distinct questions. *Crispin* recognizes standing based on a personal right or privilege in the requested material; it does not establish that all testimony from the subpoenaed witness must therefore be barred. *Crispin*, 717 F. Supp. 2d at 973–74. Samsung recognizes that Mr. Daniels may independently assert undue burden and that the Court must evaluate those objections on their merits. While his status as prosecution counsel may not eliminate his protections as a nonparty, it also does not eliminate his personal knowledge of relevant communications and facts at issue. The appropriate inquiry is whether the identified topics and document requests seek relevant, proportional, nonprivileged information and whether particular protections or modifications are necessary. Here, the movants acknowledge that not every objective fact known to Mr. Daniels is privileged. As explained below, Samsung seeks a limited examination of his firsthand knowledge of the events at issue.

**B. Deposing Current Litigation Counsel**

**1. Plaintiff Position: Samsung Has Not Justified the Extraordinary Step of Deposing Power2B's Current Litigation Counsel**

Depositions of opposing trial counsel are strongly disfavored because they risk disrupting the adversarial process, creating collateral privilege and work-product disputes, and turning counsel into a witness. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Courts in this Circuit have repeatedly treated *Shelton* as the leading framework for evaluating such depositions. *See Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 WL 4169128, at *2 (S.D. Cal. Aug. 5, 2016); *Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 588–89 (S.D. Cal.

1995). Under that framework, the party seeking to depose opposing counsel must show that "no other means exist to obtain the information," that the "information sought is relevant and nonprivileged," and that the "information is crucial to preparation of the case." *Shelton*, 805 F.2d at 1327.

Samsung cannot make that showing here. First, the objective facts are available from the extensive written USPTO record and Samsung's own files. Second, the proposed inequitable-conduct defense is not yet in the case, so testimony directed solely to that theory is not presently relevant to a pleaded claim or defense. Third, to the extent Samsung seeks testimony about Mr. Daniels' reasons, preparation, legal analysis, or communications with Power2B and other attorneys, that testimony raises substantial privilege and opinion-work-product concerns. The fact that Mr. Daniels participated in the February 2024 interview does not entitle Samsung to bypass available documentary evidence and proceed directly to an examination of current trial counsel.

The burden is concrete. Power2B already advised the issuing court that Samsung's proposed inequitable-conduct allegations would foreseeably generate attorney discovery, privilege disputes, and an advocate-witness disqualification effort. Ex. C-18 to C-19. In a related Western District of Texas action, Samsung asserted inequitable conduct and shortly thereafter moved to disqualify trial counsel and the Polsinelli firm on an advocate-witness theory. *Id.* The Court need not infer any subjective motive from that history; it simply confirms the practical burden and disruption that follow from converting current trial counsel into a deposition witness.

**2. Defendants' Position: Patent Prosecution Counsel Is Not Insulated Because He Is Trial Counsel**

Power2B frames this as a deposition of current litigation counsel. It is not. Samsung seeks Mr. Daniels's testimony as a percipient witness to what he told the Examiner at the February 13, 2024 reexamination interview, as prosecution counsel, and his specific knowledge and state of mind when doing so, as these are legal elements of Samsung's inequitable conduct and unclean hands defenses.

The *Shelton* case protects trial counsel's conduct in the pending litigation. 805 F.2d at 1327.

It does not shield an attorney's conduct as separate prosecution counsel. *See Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730–31 (8th Cir. 2002) ("the protection *Shelton* provides to opposing counsel only applies because opposing counsel is counsel in the instant case and not because opposing counsel had represented the client in the concluded case."). For example, a court within this Circuit has distinguished discovery concerning counsel's conduct of current litigation from discovery of facts known to counsel through participation in separate underlying events. *Andre*, 2019 WL 6699958, at *3-4. *Andre* concerned a concluded transaction preceding the litigation. Here, although the reexamination interview occurred while this action was stayed, Samsung submits that its proposed examination similarly targets a distinct event and role, not the preparation of Power2B's litigation. Moreover, Samsung seeks this discovery to resolve a disputed oral representation allegedly made by the witness himself, not simply to obtain his interpretation of a public prosecution history. Courts have permitted depositions of prosecution counsel on issues relating to inequitable conduct, including where that counsel also serves as litigation counsel. *See, e.g.*, *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 775 (N.D. Ill. 2005) ("it would be unfair to accused patent infringers if patentees could shield potentially harmful discovery related to their knowledge … merely by using their prosecution counsel, or patentability opinion counsel, as trial counsel"); *Alcon Lab'ys, Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 343-45 (S.D.N.Y. 2002) ("a patent prosecution attorney cannot avoid being deposed simply because he is later selected to act as trial counsel in an infringement action concerning the very patent he helped to prosecute."); *Ed Tobergte Assocs. Co. v. Russell Brands, LLC*, 259 F.R.D. 550, 556-57 (D. Kan. 2009) (finding that deposing prosecution counsel was "necessary to obtain information regarding her knowledge or awareness of prior art during prosecution of the '104 Patent, which is relevant to the defense of inequitable conduct."). The same principle applies here. The false representation given to the Examiner was an oral statement Mr. Daniels himself made during a reexamination interview. Ex. A-6, A-7, A-109, A-153. He was acting in his role as prosecution counsel, not as trial counsel.

Nevertheless, *Shelton* recognized that "circumstances may arise in which the court should

order the taking of opposing counsel's deposition." 805 F.2d at 1327. Even if the Court applies *Shelton*, it should permit the limited discovery requested for the following reasons.

(1) There is no other means to get this information. The written record is the very thing in dispute. The Examiner documented that Mr. Daniels provided false assurances that the '994 IPR had been appealed. Mr. Daniels denies saying so. The written record thus contains a dispute, and the way to resolve it is to examine the only available percipient witness. Ex. A-6, A-7, A-109; Ex. B-4. Only the Examiner and Mr. Daniels were present; because the Examiner cannot be deposed, only Mr. Daniels can be examined about what was said and his nonprivileged factual basis for disagreeing with the written record. *See W. Elec. Co. v. Piezo Tech., Inc.*, 860 F.2d 428, 431-432 (Fed. Cir. 1988) (holding that the defendant was not entitled to depose the examiner and reversing the district court's contempt order against the Commissioner of Patents for directing the examiner not to answer). Moreover, Mr. Daniels's state of mind when he continued to rely on statements that the Examiner noted were based on false assurances is also highly relevant to Samsung's defenses. Ex. A-7, A-8, A-13, A-14; Ex. B-5.

(2) Statements made and information provided by a client to its prosecution counsel for disclosure to a USPTO examiner are not confidential client communications to the extent they concern facts or positions disclosed to the Office. *Jack Winter, Inc. v. Koratron Co*., 54 F.R.D. 44, 46-47 (N.D. Cal. 1971) (treating factual information communicated so that counsel could disclose it in patent or trademark applications as nonprivileged); *see also Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981) ("privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing."). Mr. Daniels concedes that not every fact he knows is privileged. Any question that strays into privileged matters can be met with an objection at the deposition, and any allegedly privileged document can be logged on a privilege log.

(3) Inequitable conduct turns on materiality and intent to deceive. *Therasense, Inc. v. Becton, Dickinson & Co*., 649 F.3d 1276, 1290 (Fed. Cir. 2011) (*en banc*). The cited prosecution-counsel cases (*aaiPharma, Alcon Lab'ys,* and *Ed Tobergte)* ) support discovery directed to the

prosecuting attorney's knowledge and state of mind when an inequitable-conduct defense puts that knowledge at issue. Power2B itself argues that the record reflects "mistake or confusion." Ex. C-16. It cannot rely on counsel's state of mind as a defense while barring Samsung from examining counsel about it. Ex. B-4. Because the knowledge and intent of prosecution counsel are directly chargeable to the patent applicant and are placed squarely at issue by an inequitable conduct/unclean hands defense, courts have "regularly permit[ted] the depositions of patent prosecution counsel, finding the information sought relevant and the inquiry proper." *Ed Tobergte*, 259 F.R.D. at 556 n. 29 (quoting *Leviton Mfg. Co., Inc. v. Shanghai Meihao Elec., Inc.,* 613 F.Supp.2d 670, 717–18 (D. Md. 2009)); *see also id*. at 559 ("the knowledge and actions of [the] attorney are chargeable to the applicant," and her knowledge and mental state were "highly relevant to showing any intent to deceive or mislead the USPTO."); *Alcon Lab'ys*, 225 F. Supp. 2d at 344 (the prosecuting attorney's mental impressions "are crucial to any claim of inequitable conduct in a patent infringement action.").

With respect to Power2B's work product argument, "opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling." *Holmgren*, 976 F.2d at 577. Samsung first seeks the nonprivileged firsthand facts. It is difficult to characterize false assurances provided to the USPTO as work product. *See In re Gabapentin Pat. Litig.*, 214 F.R.D. 178, 184 (D.N.J. 2003) (finding that work performed by an attorney to prepare and prosecute a patent generally does not qualify for protection because patent prosecution "is a non-adversarial, *ex parte* proceeding," and thus work done to that end is not prepared "in anticipation of" litigation (quoting *In re Minebea Corp*., 143 F.R.D. 494, 499 (S.D.N.Y.1992)). However, any request to compel protected opinion work product should be evaluated separately, on a particularized showing of compelling need and the lack of an adequate alternative.

As a threshold matter, Power2B's concern about disqualification and disruption to its trial team is not a privilege interest and falls outside the limited standing Power2B claims. *See* Section II.A. Finally, the "disruption" Power2B cites results from its own decision to have its reexamination

counsel serve as trial counsel. *Shelton* does not allow a party to insulate a fact witness by making him trial counsel. Any concerns about scope can be addressed with reasonable time and topic limits. *See Andre*, 2019 WL 6699958, at *3–4 (rejecting presumptive insulation of current trial counsel from discovery concerning a separate transaction, narrowing the discovery, and requiring a privilege log).

### C. Privileged Information

#### 1. Plaintiff's Position: The Deposition Seeks Privileged Information, and Should Therefore be Quashed

Under Fed. R. Civ. P. 45(d)(3)(A)(iii), the Court for the district where compliance is required must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Samsung seeks to use Mr. Daniels' deposition to advance its unpleaded inequitable conduct defense by inquiring into Mr. Daniels' statements and communications with both Power2B and the USPTO. *See generally* Ex. E. The Ninth Circuit has held that an attorney can make a blanket claim of attorney-client privilege where the subpoena seeks the "widest possible range of privileged information without any reasonable effort to exclude clearly privileged documents from [the] request." *In re Horn*, 976 F.2d 1314, 1318 (9th Cir. 1992). In the present case, Samsung's subpoena similarly seeks the "broadest possible construction" in its requests, and discovery related to Power2B, Mr. Daniels' client communications, work product, and communications with the USPTO. The relevant statements made to the USPTO have been in the public record for years but Samsung failed to timely plead an inequitable conduct defense. Advancing an unpleaded defense is not sufficient justification for such a broad intrusion into clearly privileged information. Further, Mr. Daniels has not publicized his communications with his client, therefore no waiver applies.

The work-product doctrine provides an independent ground for protection. Samsung's proposed theory places counsel's state of mind, preparation, legal judgments, and response to Samsung's accusations at the center of the requested examination. Questions concerning why Mr. Daniels selected particular arguments, how he assessed the IPR and EPR records, how he prepared

USPTO submissions or the PTAB appeal, and what legal conclusions he reached would reveal counsel's mental impressions and legal theories. Opinion work product receives heightened protection and may be discovered only upon a "showing beyond the [ordinary] substantial need [and] undue hardship" standard. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

Power2B and Mr. Daniels do not contend that every objective fact known to Mr. Daniels is privileged. But that distinction strengthens, rather than weakens, the basis to quash: the objective facts are extensively memorialized in the USPTO record, while the testimony that would materially go beyond that record is precisely the testimony most likely to invade privilege or attorney work product. For these reasons, Samsung's subpoena should be quashed.

2. **Defendants' Position: The Core Subject of the Deposition Is Not Privileged**

What Mr. Daniels said to the Examiner on February 13, 2024, is not a confidential communication with his client. The same is true of what he knew about the IPR appeal's public procedural status, his later calls and voicemails with the Examiner, and Power2B's continued reliance on the misled Examiner's "agreement" based on the false assurances that Mr. Daniels provided. Mr. Daniels and Power2B concede, directly above in Section II.C.1, that not "every objective fact known to Mr. Daniels is privileged." Any legitimate privilege concern should be addressed through objections to specific questions and an adequate privilege log for documents, not by quashing the subpoenas in advance.

Power2B and Mr. Daniels have not substantiated any privilege claim. A person withholding subpoenaed information as privileged must "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). Mr. Daniels has done neither. In response to each of Samsung's sixteen requests, he states that he "is withholding documents responsive to this Request . . . and will not produce such documents absent agreement or court order." He did not serve a privilege log with his October

6, 2026 objections and has not served one since. He has not identified a single withheld document, author, recipient, date, or subject matter. Blanket objections of this kind do not establish privilege and may result in waiver. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Power2B and Mr. Daniels ask the Court to quash subpoenas entirely on privilege grounds they have never substantiated, even for the documents. They have not carried their burden. At a minimum, the Court should order Mr. Daniels to serve a compliant privilege log by a date certain before crediting any privilege objections. *See Andre*, 2019 WL 6699958, at *3-4 (requiring a privilege log). And, likewise, privilege objections can be made on the record in a deposition.

Samsung does not seek Mr. Daniels's legal theories in this litigation. Mr. Daniels's and Power2B's reliance on *In re Horn* is unavailing because Samsung's subpoenas are limited to statements made by Mr. Daniels to a third party, and his knowledge and state of mind regarding the pertinent facts in making those statements. And while *Holmgren* protects opinion work product, as discussed above, courts have held that work performed by an attorney to prepare and prosecute a patent generally does not qualify for protection because patent prosecution "is a non-adversarial, *ex parte* proceeding." *In re Gabapentin*, 214 F.R.D. at 184. Samsung merely seeks facts about Mr. Daniels's conduct and knowledge during the *ex parte* reexamination proceeding and his continued pursuit afterwards involving that reexamination interview.

Power2B's and Mr. Daniels's repeated characterization of the defense as "unpleaded" does not change the analysis. Samsung's existing unclean hands defense is already part of the operative pleadings, and Samsung's fully briefed motion before the issuing court supplements that defense based on the same USPTO conduct. Ex. I at ¶225; Ex. J at ¶¶225-226, 235-264. The Federal Circuit has recognized that the doctrine of "'inequitable conduct' is no more than the unclean hands doctrine applied to particular conduct before the PTO." *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990). Moreover, whether a defense is pleaded has no bearing on whether a communication is privileged. Statements and facts communicated to an Examiner are not privileged under any standard, and the timing of Samsung's motion is a question for the issuing

court, not a basis for invoking privilege here.

Power2B's "unpleaded defense" objection also ignores the chronology. Power2B filed this action on September 3, 2021, Samsung answered on January 5, 2022, and the case was stayed in July 2022. Ex. H. The alleged misrepresentation occurred on February 13, 2024, during a reexamination interview, while the case was stayed by agreement of the parties, and the conduct continued thereafter. That stay was lifted in May 2026. Ex. H. Consistent with the Court's schedule, Samsung filed its motion for leave to supplement its pleadings to add inequitable conduct on July 17, 2026-ahead of the November 16, 2026 fact discovery cutoff. Exs. A, B.

**D. Undue Burden**

1. **Plaintiff's Position: Samsung Seeks Irrelevant Information Which Results in Undue Burden on Mr. Daniels**

Separate grounds for quashing exist under Fed. R. Civ. P. 45(d)(3)(A)(iv): the Court for the district where compliance is required must quash or modify a subpoena that "subjects a person to undue burden." When addressing whether a subpoena imposes an undue burden, courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (internal citation omitted). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The court has "ample discretion" to quash or modify a subpoena that causes an undue burden upon the non-party. *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

Samsung has not shown a present, permissible need to depose Power2B's litigation counsel regarding an affirmative defense that is not part of the operative pleadings. Samsung's inequitable conduct defense is simply ***not*** part of the present case. To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016). The Eastern District of Texas has not yet ruled on Samsung's motion to belatedly add this affirmative defense. Therefore, a deposition *at this stage* presents no relevant

information. Further, the information Samsung seeks can be found in the USPTO filings Samsung has had access to for years. Imposing a burden on a nonparty attorney to testify to the same documents to further a defense that is not part of the case presents an undue burden, and Samsung's subpoena should accordingly be quashed.

That conclusion is consistent with cases refusing discovery directed to proposed defenses that have not been allowed into the case. In *Eagle View Technologies, Inc. v. Nearmap US, Inc.*, the court held that discovery directed to a proposed patent misuse defense was not permitted while the motion to amend remained pending because parties have "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-00283, 2023 WL 137761, at *2 (D. Utah Jan. 9, 2023); *see also* Fed. R. Civ. P. 26 advisory committee notes, 2000 Amendment, Subdivision (b)(1). Likewise, in *Layne Christensen Co. v. Bro-Tech Corp.*, the court denied discovery directed to an unpleaded inequitable conduct theory where the requesting party failed to establish relevance to a claim or defense actually asserted in the case. *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL, 2011 WL 1832546, at *1-*4 (D. Kan. May 13, 2011).

Rule 26(b)(2)(C) independently requires the Court to limit discovery that is unreasonably cumulative or duplicative or can be obtained from a more convenient, less burdensome, or less expensive source. Fed. R. Civ. P. 26(b)(2)(C)(i). Samsung already has the Examiner's interview summary, Power2B's contemporaneous written interview summary, the September 2023 and February 2024 USPTO submissions, Samsung's June 2024 correspondence, Power2B's petition to correct the record, the CRU decision, the appeal briefs, the June 26, 2026 oral-hearing transcript, and the September 18, 2026 PTAB decision. Those sources substantially eliminate any legitimate need to examine trial counsel.

### 2. Defendants' Position: The Testimony Is Relevant and the Burden Is Minimal

At the outset, Power2B lacks standing to advance this argument at all. Power2B concedes Mr. Daniels "is the proper Rule 45 movant as to burden, relevance, and the scope of the deposition."

Section II.D should be considered, if at all, only as Mr. Daniels's argument—and evaluated in light of his role as Power2B's prosecution counsel of record.

Mr. Daniels's and Power2B's reliance on *Eagle View* and *Layne Christensen* is misplaced. Those cases involved parties trying to use discovery to develop defenses they had not yet articulated. Here, Samsung's motion for leave to assert inequitable conduct has been fully briefed before the issuing court since August 2026. *See* Exs. A, B. Thus, Power2B has had the supplemental pleading alleging inequitable conduct in hand for months. Samsung is not seeking discovery for an unarticulated defense. And with fact discovery closing on November 16, 2026 (Ex. H), Power2B seeks to prevent Samsung from taking any discovery at all.

Every *Moon* factor confirms that Samsung's subpoenas impose no undue burden. First, the testimony goes to the core of Samsung's inequitable conduct and unenforceability defenses: whether and why Mr. Daniels misrepresented the appeal status of the '994 IPR to the Examiner. Second, Samsung's need is acute. The Examiner documented the misrepresentation and relied on it for an alleged "agreement," and Mr. Daniels denies making the misrepresentation but continues to rely on the "agreement" that the Examiner himself has noted was based on false assurances. Ex. A-6, A-7, A-8, A-13, A-14, A-153; Ex. B-4, B-5, B-23, B-95. This conflict has never been resolved; at no time did the USPTO state that the misstatement was not made, or that the Examiner's alleged "agreement" was something that Mr. Daniels could continue to exploit. The interview was oral and *ex parte*, and Mr. Daniels is the only percipient witness Samsung can examine. Third, Samsung seeks one deposition of one witness pertaining to his patent prosecution duties. It does not seek Mr. Daniels's advice to Power2B about this litigation or his trial strategy. Any privileged matter can be addressed through objections at a deposition and a privilege log. Also, the relevant period is short. It runs from July 13, 2023, the date of the Final Written Decision, through Power2B's continued reliance on the Examiner's agreement in its November 10, 2025 appeal brief and at the June 26, 2026 hearing. Ex. E-16 to E-20 (RFP Nos. 3–16). Finally, the burden is minimal. Mr. Daniels is represented by counsel; Samsung offered a mutually agreeable time and place; and the Protective Order governs any confidential material. Ex. E-21 to E-51.

Accordingly, Mr. Daniels has not shown that a single, targeted deposition on facts within his personal knowledge and a request for the specific documents are unduly burdensome under Rule 45(d)(3)(A)(iv).

**E. The September 18, 2026 PTAB Decision**

1. **Plaintiff's Position: The September 18, 2026 PTAB Decision Further Undermines Samsung's Claimed Need for the Deposition**

Samsung's proposed inequitable-conduct theory rests in significant part on the premise that the appeal status of IPR2022-00334 materially affected whether the Examiner could credit Power2B's technical arguments. The PTAB's September 18, 2026 decision materially weakens that premise. The Board expressly stated that the Examiner's "initial determinations made prior to the Final Office Action are immaterial because this appeal is taken from the Final Office Action," and further agreed that the findings in IPR2022-00334 did not bind the Examiner because they addressed "different claims with different scope." Ex parte Power2B, Inc., Appeal 2026-001903, Reexamination Control No. 90/015,037, slip op. at 3–4 (P.T.A.B. Sept. 18, 2026).

This Court need not decide the ultimate merits of Samsung's proposed inequitable-conduct defense to resolve the subpoena. The PTAB decision is relevant here because it further reduces the asserted need to probe counsel's subjective thought processes concerning the interview or later appeal advocacy. Where the agency itself has treated the Examiner's preliminary interview stage determinations as immaterial to the appeal and has rejected the premise that the separate IPR bound the Examiner, the marginal value of deposing trial counsel is substantially outweighed by the attendant burden and privilege risks.

2. **Defendants' Position: The PTAB's Decision Leaves the Central Facts Disputed**

Power2B's argument that the PTAB decision diminishes Samsung's "need" is a relevance argument outside its privilege-only standing. In any event, it fails on the merits.

Power2B's and Mr. Daniels's reliance on the PTAB's decision is misplaced. The Board, in affirming the Examiner's ultimate rejection of Claims 1-3 of the '994 Patent, noted that the

Examiner's pre-Final Office Action determinations were immaterial to the reexamination appeal and that the IPR findings did not bind the Examiner. But the Board's determination does not decide whether a misrepresentation was made to the Examiner, whether it was material to patentability, or whether it was made with intent to deceive. These are issues reserved for the inequitable conduct defense. Fundamentally, the Examiner's view of the law is not relevant. What is relevant is that the Examiner requested certain facts from Mr. Daniels, and, based on the written record, Mr. Daniels provided false assurances in response to those requests. And then the Examiner relied on those false assurances to set forth an "agreement" in the record. Moreover, Mr. Daniels has continued to exploit the misled Examiner's "agreement" in the proceeding, despite knowing that it was based on false assurances he provided. The legal effect of the non-appealed IPR decision simply has no bearing on these facts.

Regardless, the Board's determination also does not address what Mr. Daniels knew about the IPR's finality on February 13, 2024, months after the July 13, 2023 Final Written Decision and the October 25, 2023 denial of Director Review. Furthermore, the Board's determination does not address why Power2B continued to rely on the Examiner's interview-stage agreement in its November 10, 2025 appeal brief and at the June 26, 2026 oral hearing, after Samsung had disputed the statement. Ex. A-7, A-8; Ex. B-4.

Inequitable conduct turns on what was represented and with what intent at the time of the misrepresentation, not on how the Board later framed the appeal. *Therasense*, 649 F.3d at 1290–92. Power2B's own defense on intent, that the record supports "multiple reasonable inferences" (Ex. C-16), confirms that these facts are contested. The movants concede, directly above in Section II.E.1, that the Court "need not decide the ultimate merits," but that concession cuts against them. The PTAB decision is at most an argument about the merits, which belongs before the issuing court on the merits of the defense, not on whether Samsung is entitled to discovery. It does not diminish Samsung's discovery into facts that remain disputed.

### F. Staying or Limiting the Deposition

#### 1. Plaintiff's Position: At Minimum, the Deposition Should Be Stayed or Strictly Limited

If the Court does not quash the subpoena outright, it should stay the deposition until the Eastern District of Texas resolves Samsung's motion for leave to supplement its affirmative defenses. Rule 45 expressly authorizes modification as an alternative to quashing, and a stay would avoid needless attorney discovery on a defense that may never become part of the case.

Additionally, any deposition should be limited to discrete, unique, firsthand, nonprivileged facts that Samsung establishes cannot reasonably be obtained from the USPTO record, Samsung's own files, or other witnesses. The Court should preclude inquiry into attorney-client communications, litigation strategy, legal research, mental impressions, legal conclusions, preparation of USPTO filings or appellate arguments, ethics consultations, and counsel's response to Samsung's inequitable-conduct allegations.

Counsel for Mr. Daniels sent these issues and this proposal prior to the meet-and-confer, as required by the Local Rules. At the conference, counsel for Samsung held their belief that a deposition would be legitimate at this stage without stay or limitation.

#### 2. Defendants' Position: There Should Be No Stay

Power2B has no standing to seek a stay; timing objections belong to Mr. Daniels alone. Power2B's privilege interests are fully protected by question-by-question objections, which require no stay.

A stay would push the deposition past the November 16, 2026 fact discovery cutoff. That is also the deadline for motions to compel. As a practical matter, a stay would quash this line of relevant discovery. Mr. Daniels's alternative limits would do the same thing. They would bar inquiry into anything Samsung cannot first show is unavailable from the USPTO record. That limitation would be too narrow and not in keeping with the spirit of discovery under the Federal Rules.

## III. CONCLUSION

***Plaintiff's Position:*** For the reasons stated above, Plaintiff respectfully requests the Court quash Defendants' subpoena.

***Defendants' Position:*** Respectfully, the Court should deny Power2B's and Mr. Daniels's request to quash and should instead authorize Samsung's targeted discovery, ordering Mr. Daniels to produce documents, serve a privilege log, and sit for a deposition before the November 16, 2026 discovery cutoff in the merits case.

Date: October 23, 2026

Respectfully submitted

POLSINELLI LLP

By: */s/ Iqra Iqbal*

Iqra Iqbal (SBN: 353064)
**POLSINELLI LLP**
iiqbal@polsinelli.com
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 248-2100

Michael Pegues (*PHV application forthcoming*)
**POLSINELLI PC**
mpegues@polsinelli.com
4020 Maple Avenue, Suite 300
Dallas, TX 75219
Telephone: (214) 397-0030

***Attorneys for Adam P. Daniels***

By: */s/ Laura Burson*

Ryan K. Yagura
California State Bar No. 197619
ryagura@omm.com
Nicholas J. Whilt
California State Bar No. 247738
nwhilt@omm.com
Laura M. Burson

California State Bar No. 204459
lburson@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Melissa Richard Smith (Tex. Bar No. 24001351)
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2026, the foregoing was served electronically via ECF/PACER upon all parties of record.

*/s/ Iqra Iqbal*
POLSINELLI LLP